# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **SARAH KOZICH, individually and on behalf of all persons similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**ABA SOLUTIONS, INC.,**<br><br>Defendant. | Civil Action No. _____<br><br>COLLECTIVE ACTION<br><br>JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Sarah Kozich ("Plaintiff" or "Kozich"), individually and on behalf of all persons similarly situated, files this Collective Action Complaint ("Complaint") against ABA Solutions, Inc. ("Defendant" or "ABA Solutions"), seeking all available remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. The following allegations are made on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

## INTRODUCTION

1. ABA Solutions, Inc. ("Defendant" or "ABA Solutions") provides Applied Behavioral Analysis ("ABA") services to help clients, often children and adults with Autism Spectrum Disorder ("ASD"), overcome behavioral and learning

challenges. ABA Solutions employs dozens of non-exempt Registered Behavior Technicians ("RBTs") and Behavior Therapists ("BTs") to implement behavior support strategies and skill acquisition procedures, provide training to caregivers, collect data, and help monitor clients' progress.

2. This case is about ABA Solutions's failure to pay its employees all of the wages to which they are entitled, including regular and overtime wages. As described in further detail below, ABA Solutions administered unlawful policies requiring non-exempt RBTs and BTs to perform substantial off-the-clock work while carrying out their job duties.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Kozich's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391, as ABA Solutions resides in and conducts business in this District.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff Sarah Kozich is a citizen of Florida and resides in Winter Haven, Florida. Kozich worked for Defendant ABA Solutions, Inc., as an RBT in and around the Polk County region from approximately March 2021 to June 2021. Kozich was classified as non-exempt and was compensated on an hourly basis. Pursuant to 29 U.S.C. § 216(b), Kozich has consented to be a plaintiff in this action.

*See* Ex. A.

6. During all times relevant hereto, Kozich was an employee of ABA Solutions and was covered by the FLSA.

7. ABA Solutions is a corporation registered to do business in Florida and at all relevant times has been engaged in the business of using ABA principles to provide behavioral therapy to clients in Florida and New Jersey.

8. ABA Solutions's principal place of business is located at 7777 131st Street, Seminole, Florida 33776.

9. The unlawful acts alleged in this Complaint were committed by ABA Solutions or ABA Solutions's officers, agents, employees, or representatives, while actively engaged in the management of ABA Solutions's businesses or affairs and with the authorization of ABA Solutions.

10. At all material times, ABA Solutions has been governed by and subject to the FLSA, 29 U.S.C. § 207.

11. ABA Solutions employed Kozich and continues to employ similarly situated employees as defined by the FLSA. 29 U.S.C. § 203(d); 29 C.F.R. § 791.2(a).

12. At all material times, ABA Solutions has been an enterprise within the meaning of section 3(r) of the FLSA. 29 U.S.C. § 203(r).

13. At all material times, the unlawful conduct against Kozich and the FLSA Collective as described in this Complaint was actuated, in whole or in part,

by a purpose to serve ABA Solutions. At all relevant times, the unlawful conduct described in this Complaint was reasonably foreseeable by ABA Solutions and committed under actual or apparent authority granted by ABA Solutions such that all unlawful conduct is legally attributable to ABA Solutions.

14. ABA Solutions employs individuals, including RBTs and BTs, in locations throughout the United States, including Florida and New Jersey.

15. ABA Solutions employs individuals engaged in commerce or in the production of goods for commerce or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as described by 29 U.S.C. §§ 206-207.

16. ABA Solutions's annual gross sales exceed $500,000.

## COLLECTIVE DEFINITION

17. Kozich brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of herself and the following:

> All current and former Registered Behavior Technicians and Behavior Therapists who were paid by Defendant ABA Solutions, Inc., to perform applied behavior analysis services in the United States during the applicable limitations period (the "FLSA Collective").

18. Kozich reserves the right to redefine the FLSA Collective prior to notice or certification, and thereafter, as may be warranted or necessary.

## FACTUAL BACKGROUND

19. Kozich incorporates herein by reference the allegations set forth above.

20. ABA Solutions specializes in providing individualized and comprehensive behavioral therapy to help clients achieve positive behavioral outcomes over time.

21. ABA Solutions works with diverse funding sources to make prospective clients' admission accessible.

22. When ABA Solutions admits a new client, the client is subject to a Functional Behavior Assessment ("FBA") conducted by a Board-Certified Behavioral Analyst ("BCBA"). The BCBA uses this initial FBA to create a strategic Behavior Intervention Plan ("BIP") for the client.

23. The purpose of a BIP is to outline specific interventions and programming to help mitigate targeted behaviors and replace targeted behaviors with functional skills. The BIP, in turn, serves as a roadmap for guiding RBTs and BTs through their implementation work.

24. RBTs and BTs perform their work under the close supervision of the respective BCBA assigned to each case.

25. RBTs and BTs perform identical job duties. Specifically, RBTs and BTs work with the client on a one-on-one basis to conduct intensive trials of behavior reduction and skill acquisition procedures, collect data on the procedures'

outcomes, and provide trainings to caregivers on the procedures outlined in the client's BIP.

26. RBTs and BTs are also responsible for maintaining weekly contact with the BCBA on each case, graphing and visualizing data collected during client sessions, and monitoring clients' learning progression.

27. Kozich worked for ABA Solutions as an RBT from approximately March 2021 to June 2021. Throughout this time, Kozich performed her work in clients' homes in and around Polk County, Florida.

**Defendant Failed to Pay RBTs and BTs Properly**

28. As an hourly, non-exempt employee, Kozich was required to clock-in and clock-out using an application called Rethink Behavioral Health ("Rethink"), ABA Solutions's mobile timekeeping system. Time entered on Rethink is used to bill the funding source at regular intervals and may be subject to audits to ensure accuracy and compliance with funding source policies.

29. ABA Solutions has three categories of time that RBTs and BTs can enter on Rethink: direct billing, drive time, and indirect billing. Direct billing refers to time spent working directly with clients during client sessions. Drive time refers to time spent driving between client sessions. Indirect billing encompasses time spent performing ancillary job duties, including without limitation: preparing materials; graphing behavioral data; cleaning; completing program updates as

6

assigned by the BCBA (including structured assessments); communicating with clients' caregivers or teachers; communicating and coordinating with supervisors; adding or modifying goals in Rethink; and performing data collection in Rethink.

30. Despite ABA Solutions's knowledge of the numerous kinds of indirect time required for Kozich to complete her job duties (indeed, ABA Solutions's policies state that up to four hours of indirect time will be paid per billing period, though Kozich only received pay for one hour of indirect time during her entire tenure with the firm), ABA Solutions nonetheless maintained a policy of only paying Kozich for time spent working directly with clients during client sessions.

31. Kozich worked five days per week and typically serviced four clients each week.

32. Kozich typically conducted sessions with two to three clients each day.

33. As part of her work administering behavioral therapy to clients, Kozich was required to create and maintain detailed notes for each of her clients following each session. In these session notes, Kozich was required to produce a summary of services and behavioral goals addressed, a summary of client behaviors and progress made, a hypothesized explanation of regression if applicable, and caregiver behavior observed and recommendations for health and safety. In addition to tracking the client's overall progress, these notes also served as a written record of events that transpired during sessions should any future liability issues arise implicating ABA

Solutions.

34. Kozich was unable to complete these notes during her sessions because the Rethink program's geolocation features blocked her from doing so. Even absent these technological constraints, completing these notes during client sessions would have been impossible due to Kozich's responsibility to constantly administer services or observe the client during each session.

35. In the aggregate, Kozich spent about three to four hours completing session notes each week.

36. Kozich was also required to communicate with each client's BCBA regarding the client's progress, including any issues observed during Kozich's sessions with the client.

37. In the aggregate, Kozich spent about two hours communicating with BCBAs each week.

38. Moreover, Kozich was required to coordinate with clients' parents and caregivers surrounding, for instance, scheduling conflicts.

39. In the aggregate, Kozich spent about fifteen to twenty minutes coordinating logistics with parents and caregivers and answering questions each week.

40. Kozich was also required to drive to and between her client's homes and to arrive on time to conduct each session. However, sometimes caregivers

cancelled scheduled sessions without timely notice, requiring Kozich to expend time, for instance, driving to and from cancelled appointments.

41. In the aggregate, Kozich spent about an hour preparing for and subsequently addressing client cancellations each week.

42. Kozich was required to create reports and graphs using compiled data from her sessions. This data, called "ABC data" ("ABC" stands for "antecedent, behavior, consequence"), was completed on a monthly basis for Medicaid, Private Pay, and MedWaiver clients.

43. In the aggregate, Kozich spent an average of forty-five minutes completing ABC data tasks each week.

44. Kozich was required to travel to and between her clients' homes to conduct sessions. ABA Solutions made an effort, albeit imperfect, to compensate Kozich for the time spent driving between client sessions. However, ABA Solutions did not compensate Kozich for the actual time that it took and instead compensated her for what ABA Solutions believed it would take to travel in-between clients, which was often substantially less than the travel time actually required. Though Kozich raised this issue with her supervisors on numerous occasions, ABA Solutions refused to modify its policies in order to compensate Kozich for all of her drive time.

45. In the aggregate, Kozich spent an average of two-and-a-half hours driving between clients each week without proper compensation.

46. Finally, Kozich was required to reference and reorient her sessions according to the BIP drafted by the corresponding BCBA at the beginning of the client's relationship with ABA Solutions. This required Kozich to review each client's BIP in light of the progress made and issues observed during each session.

47. In the aggregate, Kozich spent four hours reviewing her clients' BIPs each week.

48. Kozich was unable to enter, and thus was not paid for, the forgoing categories of off-the-clock work on the Rethink app.

49. Even if Kozich had been able to enter the allotted four hours per billing period (two hours per week) of indirect work, this would still not have been nearly enough to cover all of the off-the-clock work that Kozich performed for ABA Solutions.

50. In sum, ABA Solutions did not pay Kozich and the FLSA Collective for all hours worked in excess of forty hours in a workweek and did not pay proper overtime premiums.

**Defendant's Failure to Properly Pay RBTs and BTs Is Willful**

51. ABA Solutions's actions in violation of the FLSA were or are made willfully in an effort to avoid liability under the FLSA.

52. Despite being knowledgeable about the wide array of job duties required of Kozich and the FLSA Collective beyond time spent in client sessions,

and despite receiving employee complaints about uncompensated off-the-clock time, ABA Solutions has failed to make, keep, and preserve records with respect to the Kozich and the FLSA Collective sufficient to determine their lawful wages, actual hours worked, and other conditions of employment as required by law. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

53. Even though the FLSA requires overtime premium compensation for hours worked over forty per week, ABA Solutions did not pay RBTs and BTs, such as Kozich, proper overtime premium compensation for all overtime hours worked.

54. ABA Solutions knew or, absent its own recklessness should have known, that its RBTs and BTs were entitled to such overtime premiums.

55. ABA Solutions has failed to pay Kozich and FLSA Collective all overtime compensation owed.

56. By failing to pay all overtime compensation owed to Kozich and other RBTs and BTs, ABA Solutions has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COLLECTIVE ACTION ALLEGATIONS

57. Kozich brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

58. Kozich is representative of the FLSA Collective and is acting on behalf of their interests, as well as her own interests, in bringing this action.

59. Kozich will fairly and adequately represent and protect the interests of the FLSA Collective. Kozich has retained counsel competent and experienced in employment class action and collective action litigation.

60. Kozich desires to pursue her FLSA claims on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

61. Kozich and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to ABA Solutions's previously described common pay practices and, as a result of such practices, were not paid for all hours worked when they worked more than forty hours per week and were not paid the full and legally mandated overtime premium for hours worked over forty during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, ABA Solutions's common compensation, timekeeping, and payroll practices.

62. Specifically, ABA Solutions failed to pay overtime at one-and-a-half times the employee's regular rate as required by the FLSA for hours worked in excess of forty per workweek.

63. The similarly situated employees are known to ABA Solutions and are readily identifiable and may be located through ABA Solutions's business records

and the records of any payroll companies that ABA Solutions uses.

64. ABA Solutions employs many FLSA Collective Members throughout Florida, New Jersey, and possibly elsewhere. These similarly situated employees may be readily notified of the instant litigation through direct means, such as U.S. mail or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime and other compensation violations, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## COUNT I
## Violation of the FLSA
## (On Behalf of Plaintiff and the FLSA Collective)

65. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

66. The FLSA requires that each covered employee be compensated for all hours worked in excess of forty hours per workweek at a rate not less than one-and-one-half times the employee's regular rate of pay. *See* 29 U.S.C. § 207(a)(1).

67. ABA Solutions is subject to the wage requirements of the FLSA because ABA Solutions is an "employer" within the meaning of 29 U.S.C. § 203(d).

68. At all relevant times, ABA Solutions was an "employer" engaged in interstate commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

69. During all relevant times, Kozich and the FLSA Collective were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

70. Kozich and the FLSA Collective are not exempt from the requirements of the FLSA.

71. Kozich and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over forty in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

72. ABA Solutions's compensation scheme applicable to Kozich and the FLSA Collective failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

73. ABA Solutions knowingly failed to compensate Kozich and the FLSA Collective for all hours worked when they worked in excess of forty hours per week and failed to pay proper overtime premiums at a rate of one-and-one-half times their regular hourly wage, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

74. ABA Solutions also failed to make, keep, and preserve records with respect to Kozich and the FLSA Collective sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

75. In violating the FLSA, ABA Solutions acted willfully and with reckless

disregard of clearly applicable FLSA provisions.

76. Pursuant to 29 U.S.C. § 216(b), employers, such as ABA Solutions, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs, and attorneys' fees incurred in recovering the unpaid wages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief on behalf of herself and all others similarly situated:

a.  An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b.  Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

c.  Back pay damages (including unpaid overtime compensation, unpaid spread-of-hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

d.  Liquidated damages to the fullest extent permitted under the law;

e.  Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

f.  Such other and further relief as this Court deems just and proper.

# **JURY DEMAND**

Plaintiff demands a trial by jury on all issues of fact.

Dated:  August 5, 2021                          Respectfully submitted,

**VARNELL & WARWICK, P.A.**

/s/ Janet R. Varnell
**JANET R. VARNELL, FBN:  0071072**
**BRIAN W. WARWICK, FBN:  0605573**
1101 E. CUMBERLAND AVENUE
SUITE 201H, #105
TAMPA, FL  33602
Telephone:  (352) 753-8600
Facsimile:  (352) 504-3301
*bwarwick@vandwlaw.com*
*jvarnell@vandwlaw.com*
*kstroly@vandwlaw.com*

Shanon J. Carson*
Camille Fundora Rodriguez*
Alexandra K. Piazza*
Daniel F. Thornton*
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000
Fax: (215) 875-4620
scarson@bm.net
crodriguez@bm.net
apiazaa@bm.net
dthornton@bm.net

*Attorneys for Plaintiff and the Proposed FLSA Collective*

* *pro hac vice* application forthcoming